IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kyron S. Swaso,                            )
                                           )
                    Plaintiff,             )
                                           )       Civil Action No. 7:25-cv-3529-BHH
v.                                         )
                                           )       **ORDER**
Gaffney Police Department;                 )
South Carolina; DeAnna Millwood;           )
Neal S. Holder; and Cody Byars,            )
                                           )
                    Defendants.            )
_____    )

This matter is before the Court upon Plaintiff Kyron S. Swaso's ("Plaintiff") pro se complaint against the above-named Defendants.  (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 16, 2025, the Magistrate Judge issued orders permitting Plaintiff to file an amended complaint and directing Plaintiff to provide the necessary information and paperwork to bring his case into proper form.  (ECF Nos. 4,5.)  Plaintiff requested an extension of time to comply with the Magistrate Judge's orders, which the Magistrate Judge granted.  (ECF Nos. 7, 8.)  However, the Magistrate Judge's order granting Plaintiff an extension of time was returned as undeliverable.  (ECF No. 11.)

On July 1, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiffs' failed to keep the Court apprised of his address.  (ECF No. 12.)  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir.

1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

On July 16, 2025, the Magistrate Judge's Report was returned as undeliverable. (ECF No. 14.)  However, on July 17, 2025, the Court received a notice of change of address from Plaintiff, the Court directed the Clerk to mail Plaintiff another copy of the Magistrate Judge's Report at his updated address.  (ECF Nos. 15, 17.)  The Court granted Plaintiff until August 5, 2025, to file objections to the Magistrate Judge's Report, and the second Report was not returned to the Court as undeliverable.  (ECF Nos. 17, 18.)  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 25, 2025
Charleston, South Carolina

3